PAYNE & JOUBERT v. CANAL–LOUISIANA BANK & TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1908. On Rehearing, April 25, 1908.)

No. 1,684.

FIXTURES—REMOVAL—RIGHTS OF MORTGAGEE.

Where interveners had no seasonably recorded lien for the unpaid purchase price of certain pipes, hydrants, etc., sold to a corporation and used for the equipment of a fire protection plant, which at the time the intervention was filed had become an incorporated immovable part of the plant, interveners were not entitled to recover possession of the specific property nor rent for the use thereof from a receiver in proceedings to foreclose a mortgage on the plant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, §§ 44–46.]

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

The decision of the court below affirming the master's report, which was opposed on behalf of claims disclosed in the Payne & Joubert intervention, is shown in the record which is quoted as follows:

"In the Matter of the Intervention of Payne & Joubert.

"This cause came on to be heard upon exceptions to the master's report on the intervention of Payne & Joubert, claiming a resolution of the sale of certain supplies furnished to the water plant on the Belle Alliance plantation under contract with the Goyer-Alliance Refining Company, and was argued by

Messrs. H. L. Lazarus for Payne & Joubert and H. Generes Dufour, contra. Whereupon, the court considering that prior to the attempted resolution of the sale the articles furnished had become so incorporated with the plantation and sugar house as to become a part of the immovable (Rev. Civ. Code, art. 467), and therefore the claimed resolution of the sale was too late (see Swoop v. St. Martin, 110 La. 237, 34 South. 426), it is ordered and adjudged that the exceptions to the master's report be and the same are overruled, the master's report be confirmed accordingly, and the said intervention be dismissed.

"In open court, March 23, 1907.
    "[Signed]    Don A. Pardee, Circuit Judge."

Henry L. Lazarus, Herman Michel, and Edward S. Lazarus, for appellant.

Wm. C. Dufour, and H. Generes Dufour, for appellees.

Before McCORMICK and SHELBY, Circuit Judges, and BOARMAN, District Judge.

PER CURIAM. Payne & Joubert filed their intervention in an equity cause pending in the court below, brought by creditors to foreclose a mortgage resting on certain lands and manufacturing plant constructed thereon belonging to the Goyer-Alliance Refining Company. At the time their intervention was filed the whole property was in the hands of a receiver, who was about to sell and did sell the same under order of the Circuit Court. The intervener had no seasonably recorded lien.

The petition of intervention shows a controversy arising out of a right asserted by Payne & Joubert against the Goyer-Alliance Refining Company to have resolved under the laws of Louisiana the contract of sale, in which contract of sale the evidence shows they sold a certain lot or supply of pipes, hydrants, etc., which were used for the equipment of a fire protection plant, which plant, at the time the intervention of Payne & Joubert was filed, had become an incorporated, immovable part of the said company's manufacturing plant. The interveners prayed for recovery and possession of the specific property which is the subject of the contract sought to be resolved. They prayed, also, for a monthly rent for the use of the pipes, hydrants, etc. The finding of facts made by the lower court is fully warranted in the evidence reported by the master, and the law is correctly stated in the decision herein quoted.

The decree of the lower court is affirmed.

## On Petition for Rehearing.

An examination of the petition for rehearing in this case discovers no new ground sufficient to induce the judges who sat on the original hearing to doubt the correctness of their decision.

The petition for rehearing is denied.